```
                UNITED STATES DISTRICT COURT
              SOUTHERN DISTRICT OF WEST VIRGINIA
                        AT CHARLESTON
```

**EARL D. OSBORNE, JR.,**

      Plaintiff

v.                                         Civil Action No. 2:02-1250

**THE HONORABLE CHARLES E. KING, JR.,**
**THE HONORABLE PAUL ZAKAIB, JR.,**
**THE HONORABLE TOD J. KAUFMAN,**
**THE HONORABLE JAMES C. STUCKY,**
**THE HONORABLE HERMAN C. CANADY, JR.,**
**THE HONORABLE IRENE C. BERGER,**
**THE HONORABLE LOUIS H. BLOOM,**
Judges, Thirteenth Judicial Circuit,
Kanawha County, West Virginia,

      Defendants

## MEMORANDUM OPINION AND ORDER

Pending is defendants' "Motion in Opposition to Plaintiff's Disclosure of Expert Witnesses[,]" filed July 10, 2007. The court treats the motion as one seeking to exclude plaintiff's expert D. Patrick Donahue, CPA.

On November 28, 2006, the magistrate judge entered a scheduling order providing, <u>inter alia</u>, as follows:

> **Expert Witnesses:** The party bearing the burden of proof on an issue <u>shall make the disclosures of information required by Fed. R. Civ. P. 26(a)(2)(A) and (B) for that issue to all other parties or their counsel no later than May 1, 2007</u>. The party not bearing the burden of proof on an issue shall make the disclosures required by Fed. R. Civ. P. 26(a)(2)(A) and (B) for that issue to all other parties or their counsel no later than

> May 31, 2007. All parties shall provide the disclosures required by Fed. R. Civ. P. 26(a)(2)(A) and (B) if the evidence is intended solely to contradict or rebut evidence on the same issue identified by another party under Fed. R. Civ. P. 26(a)(2)(B), no later than June 20, 2007.

(Ord. ¶ 3) (emphasis supplied).

On November 14, 2006, plaintiff was deposed.  At that time, plaintiff's counsel indicated an intention to use Mr. Donahoe as an expert.  Plaintiff's counsel also provided at that time a few documents apparently emanating from Mr. Donahoe containing calculations relevant to, <u>inter alia</u>, plaintiff's damages.[1]

For the first time on July 5, 2007, plaintiff's counsel served the defense with a Disclosure of Expert Witness relating to Mr. Donahoe.  The disclosure lacks a variety of particulars required by Federal Rule of Civil Procedure 26(a)(2), including the following:

    1.    A signature on Mr. Donahoe's written report;

    2.    A complete statement of all opinions to be expressed and the basis and reasons therefor;

    3.    The data or other information considered by the witness in forming his opinions;

    4.    The compensation to be paid for the study and testimony; and

---

[1] Mr. Donahoe and plaintiff's counsel share the same office address according to defendants.

    5.    A listing of any other cases in which the witness has testified as an expert at trial or by deposition within the preceding four years.

Inasmuch as the report is 66 days late and deficient in the aforementioned respects, defendants move to exclude Mr. Donahue as an expert witness and any loss calculations made by him for the purposes of this case.

Plaintiff's counsel does not challenge the foregoing specified omissions.  He contends, however, that Mr. Donahue's report, presumably the few documents referenced above, was provided to the defendants at the plaintiff's deposition.  He additionally asserts Mr. Donahue could not finalize his report until July 3, 2007, when he returned to work from a trip to Ireland.  Plaintiff's counsel attaches an affidavit from Mr. Donahue which provides as follows:

    1.    I, D. Patrick Donahoe, CPA, was out of the United States, in Ireland, and did not return to work until July 3, 2007.  At that time, I prepared my final report submitted in this matter.

    2.    I had previously provided my interim report for use in the deposition of Earl D. Osborne, Jr.

    3.    Due to being out of the country, I was not able to finalize my report until July 3, 2007.

(Aff. of D. Patrick Donahoe, CPA).  No information is provided concerning when Mr. Donahoe departed the United States for Ireland.

The transcript of plaintiff's deposition referenced by plaintiff's counsel in support of his contention the Donahoe report was disclosed at that time provides as follows:

> Q. Also, did you hire an accountant to do an analysis of your lost earnings and benefits since retirement into the future?
>
> A. Yes.
>
> Q. And that is D. Patrick Donahue [sic]?
>
> A. Yes.
>
> MR. HAMRICK: I'm going to give you those documents so you can have them.
>
> I know we are going to offer Mr. Donahue [sic] as an expert on the lost income of some $700,000 to $800,000.

(Dep of Earl D. Osborne at 76-77).

In reply, the defendants concede that plaintiff's counsel disclosed the few documents containing financial calculations at plaintiff's deposition, along with a later transmission of plaintiff's W-2 wage statements, a few paycheck stubs, and several pages of canceled personal checks for medical expenses. Defendants additionally contend there is no material difference between the substance of the documents provided at the plaintiff's deposition and the July 5, 2007, disclosure. The observation is accurate when one undertakes a comparison of the relevant documents.

Plaintiff moved previously for a modification of the scheduling order.  On July 18, 2007, the magistrate judge denied the motion.  (Ord. <u>passim</u>) ("From the end of November until June 19, 2007, the docket sheet contains no entry which suggests that any discovery was occurring. . . . It appears to the court that Plaintiff has been derelict in conducting discovery, and the court will not extricate him from the situation he created, particularly when his motion papers misstate the facts.").  Plaintiff did not appeal the magistrate judge's July 18, 2007, order.  The time for an appeal lapsed on August 4, 2007.  Fed. R. Civ. P. 72(a) ("Within 10 days after being served with a copy of the magistrate judge's order, a party may serve and file objections to the order; a party may not thereafter assign as error a defect in the magistrate judge's order to which objection was not timely made.").

The court also notes the applicability of Federal Rule of Civil Procedure 37(c)(1):

> A party that without <u>substantial justification</u> fails to disclose information required by Rule 26(a) or 26(e)(1), or to amend a prior response to discovery as required by Rule 26(e)(2), is not, <u>unless such failure is harmless</u>, permitted to use as evidence at a trial, at a hearing, or on a motion any witness or information not so disclosed. In addition to or in lieu of this sanction, the court, on motion and after affording an opportunity to be heard, may impose other appropriate sanctions. In addition to requiring payment of reasonable expenses, including attorney's fees, caused by the failure, these sanctions may include any of the actions authorized under Rule

>    37(b)(2)(A), (B), and (C) and may include informing the
>    jury of the failure to make the disclosure.

Id. (emphasis supplied).  Drawing upon this same rule, our court of appeals has observed as follows:

>    The required disclosures must be made as directed by the
>    court's scheduling order or, if none, no later than
>    ninety days prior to the trial, and must be supplemented
>    when required under Rule 26(e)(1). See Fed.R.Civ.P.
>    26(a)(2)(C).
>
>        Rule 37(c)(1) provides that "[a] party that without
>    substantial justification fails to disclose information
>    required by Rule 26(a) ... is not, unless such failure is
>    harmless, permitted to use as evidence at trial, at a
>    hearing, or on a motion any witness or information not so
>    disclosed." Fed.R.Civ.P. 37(c)(1) (emphasis added). It is
>    the burden of the party facing sanctions to show that the
>    failure to comply was either substantially justified or
>    harmless. The district court has "broad discretion to
>    determine whether a nondisclosure of evidence is
>    substantially justified or harmless."

Carr v. Deeds, 453 F.3d 593, 602 (4th Cir. 2006) (some citations omitted).

Inasmuch as plaintiff has failed to demonstrate either good cause to modify the scheduling order to extend the expert disclosure deadline or to avoid exclusion of undisclosed information under Rule 37(c)(1), the court ORDERS that plaintiff be, and he hereby is, prohibited from using at trial any evidence, opinions, and bases offered by Mr. Donahoe -- along with any data considered by him in forming his opinions -- that exceed the scope of that clearly apparent from the documents disclosed during the

plaintiff's deposition.  The court further ORDERS that, in view of the deficient disclosure, defendants be, and they hereby are, given leave if they so desire to depose Mr. Donahoe at a time convenient to all within the next thirty days.

The Clerk is directed to forward copies of this written opinion and order to all counsel of record.

DATED:  August 16, 2007

_____
John T. Copenhaver, Jr.
United States District Judge